UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v

No. 2:17-cv-13885

RICHARD SNYDER, GOVERNOR
OF THE STATE OF MICHIGAN,
KRISTIE ETUE, DIRECTOR OF
THE MICHIGAN STATE POLICE,

HON. GEORGE CARAM
STEEH

MAG. JUDGE DAVID GRAND

    Defendants.

_____/

John Doe
In Pro Per
502 Ballard Street, Apt. #1
Ypsilanti, MI 48197
(313) 463-1267

Adam P. Sadowski (P73864)
Attorney for Defendants
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
sadowskia@michigan.gov
_____/

**STIPULATED FINAL JUDGMENT**

Whereas Plaintiff and Defendants wish to resolve this case in light of the changing legal landscape in both the state and federal courts, including the recent Sixth Circuit decision in *Does #1-5 v. Snyder,* 834 F.3d 696 (6th Cir. 2016); and

Whereas the parties wish to avoid further litigation or expense, and therefore consent to entry of this order;

THE PARTIES HEREBY STIPULATE AND AGREE AND THE COURT HEREBY ORDERS THAT:

1. The Defendants, as well as their officers, agents, servants, and employees, shall not enforce the 2006 and 2011 SORA amendments against Plaintiff.

2. Plaintiff will be subject to the following registration and verification requirements, as long as this order remains in effect:

    a. He will remain listed on the public registry.

    b. The only requirements or restrictions of SORA that apply to him are:

        i. To verify quarterly. At quarterly verification they shall report (i) current residential address information and any name change (as set out in M.C.L. §§ 28.727(1)(a) and (d)); and (ii) enrollment at an institution of higher learning or campus information change (as set out in M.C.L. § 28.724a(1)-(2)). Per agreement of the parties,

     quarterly reporting periods shall be based on the birth-month schedule set out in M.C.L. § 28.725a (3)(b).

   ii. To provide fingerprints if not already on file with the Michigan State Police (as set out in M.C.L. § 28.727(1)(q)).

   iii. To pay the annual fees (as set out in M.C.L. §§ 28.725a(6)(b)-(c) and 28.725b(3)).

   iv. To maintain a valid driver's license or state-issued identification card.

 c. The Defendants will make a notation in their computer system (to which the notation will not be viewable by the public) for Plaintiff to alert viewers to contact the Michigan State Police before taking any action against Plaintiff on SORA-related offenses.

 d. Plaintiff's registration period will remain for life, however, he will not be listed in a "tier".

3. This judgment does not bar application of SORA to Plaintiff in the event that he is convicted of an offense that occurred after July 1, 2011, that requires registration under SORA.

4. If the Michigan Legislature amends or replaces SORA to implement the Sixth Circuit's holding in *Does #1-5 v. Snyder*, this order shall terminate on the effective date of any such amendments or new statute.

5. This Court retains jurisdiction to enforce this order.

6. Subject to the terms set forth herein and pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff's claims against the Defendants are hereby dismissed with prejudice.

IT IS SO ORDERED.

s/George Caram Steeh
Hon. George Caram Steeh
U.S. District Judge

Dated: April 9, 2018

Approved by:

s/*Michael Garrison (w/consent)*
Michael Garrison
502 Ballard Street, Apt. #1
Ypsilanti, MI 48197

s/*Adam P. Sadowski*
Adam P. Sadowski (P73864)
Assistant Attorneys General
Attorney for Defendants Richard Snyder and Kriste Etue
P. O. Box 30736
Lansing, MI 48909
517 373 3203
SadowskiA@michigan.gov